IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GEORGE S. TRUESDALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-09-835-HE |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF THE SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff George Truesdale seeks judicial review of a denial of benefits by the Social

Security Administration ("SSA"). The Court should reverse and remand for further findings.

## I.    BACKGROUND

Mr. Truesdale applied for insurance benefits and supplemental security income based

on an alleged disability. Administrative Record at pp. 98-100, 103-108 (certified Oct. 6,

2009) ("Rec."). The SSA denied the applications,[1] and the present action followed with the

Plaintiff alleging legal error in the assessment of medical opinions by Dr. Peeran Sandhu.[2]

---

[1]      Rec. at pp. 1-3, 9-17, 50-53.

[2]      Mr. Truesdale also alleges error in the assessment of credibility. The Court need not
consider this argument in light of the suggested reversal on other grounds. *See infra* pp. 2-11; *see
also Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining
issues raised by appellant because they may be affected by the [administrative law judge's]
treatment of this case on remand.").

II.     STANDARD OF REVIEW

The Court must determine whether the SSA's decision is based on substantial evidence and the correct legal standard. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Reversal is required if the agency has failed "'to provide this court with a sufficient basis to determine that appropriate legal principles have been followed.'" *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (*per curiam*; citations omitted).

III.    LEGAL ERROR IN THE CONSIDERATION OF DR. SANDHU'S OPINIONS

The administrative law judge erred in her assessment of opinions by Dr. Sandhu.

A.      Dr. Sandhu's Opinions

In February 2008, Dr. Sandhu opined in part that Mr. Truesdale:

- could lift objects weighing only 1-2 pounds,

- could stand or walk for up to 1 hour in an 8-hour workday,

- could sit for up to 4 hours in an 8-hour workday,

- could not stoop, and

- had limitations in his abilities to push and pull.

Rec. at pp. 289-91.

B.    Duty to Discuss Dr. Sandhu's Opinions

The SSA bears an obligation to evaluate every "medical opinion" that it receives. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d) (2008) ("Regardless of its source, we will evaluate every medical opinion we receive.").  When the judge rejects an opinion by a treating doctor, she must consider the following factors:

- the length of the treatment and the frequency of examination,

- the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed,

- the degree to which the physician's opinion is supported by relevant evidence,

- the consistency between the opinion and the record as a whole,

- the possible specialization in the area upon which an opinion is rendered, and

- the existence of other factors brought to the administrative law judge's attention which tend to support or contradict the opinion.[3]

If these factors lead to rejection of the physician's opinion, the administrative law judge must provide an explanation that is specific and legitimate.  *See Doyal v. Barnhart*, 331 F.3d 758, 764 (10th Cir. 2003) (citation omitted).

---

[3]    20 C.F.R. §§ 404.1527(d), 416.927(d) (2008); Social Security Ruling 06-03p, *Titles II and XVI: II and XVI: Considering Opinions and Other Evidence From Sources Who Are Not "Acceptable Medical Sources" in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies*, 2006 WL 2329939, Westlaw op. at 2-3 (Aug. 9, 2006).

C.     Error in the Consideration of Dr. Sandhu's Opinions

A portion of Dr. Sandhu's opinions were inconsistent with the administrative law judge's residual functional capacity ("RFC") assessment.  As a result, the judge's RFC findings amounted to an implicit rejection of Dr. Sandhu's opinions.  To implicitly reject the opinions, however, the judge had a duty to consider the regulatory factors and provide specific, legitimate reasons.[4]  She did not comply with either requirement, and the omissions require reversal and remand.

The judge found that Mr. Truesdale retained the RFC "to perform a very wide range of sedentary work,"[5] which would include "lifting and carrying no more than 10 pounds at a time, standing and walking occasionally, and sitting the remainder of the time." Rec. at p. 14.  The judge also stated:

> The claimant should not balance, kneel, crawl, crouch, or climb ladders, ropes or scaffolds.  He should climb ramps and stairs on no more than an occasional basis.  He should be allowed to change positions from sitting to standing in the work areas while performing work tasks.  He should be limited to simple repetitive unskilled[] tasks without significant public contact or involvement with customer service.

*Id.*

Sedentary work normally requires an ability to:

---

[4]     *See Williams v. Chater*, 76 F.3d 394, 1996 WL 60473, Westlaw op. at 1 (10th Cir. Feb. 12, 1996) (unpublished op.) (requiring specific, legitimate reasons when an administrative law judge found the claimant able to perform sedentary work, "tacitly" discounting a physician's opinions about the inability to lift, bend, or stoop).

[5]     Rec. at p. 14.

4

- stand or walk up to 2 hours per day,[6]

- "remain in a seated position for approximately 6 hours of an 8-hour workday, with a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals,"[7]

- lift at least 10 pounds,[8] and

- occasionally exert at least 10 pounds of force to push or pull objects.[9]

In addition, stooping is required in most unskilled sedentary jobs.[10]

------

[6]    *See* Social Security Ruling 96-9p, *Policy Interpretation Ruling Titles II and XVI: Determining Capability to Do Other Work - Implications of a Residual Functional Capacity for Less than a Full Range of Sedentary Work*, 1996 WL 374185, Westlaw op. at 6 (July 2, 1996) ("The full range of sedentary work requires that an individual be able to stand and walk for a total of approximately 2 hours during an 8-hour workday."); *see also Maxwell v. Astrue*, 268 Fed. Appx. 807, 810 (10th Cir. Mar. 12, 2008) (unpublished op.) ("Sedentary work . . . contemplates walking up to two hours total in an eight-hour workday." (citation omitted)).

[7]    Social Security Ruling 96-9p, *Policy Interpretation Ruling Titles II and XVI: Determining Capability to Do Other Work - Implications of a Residual Functional Capacity for Less than a Full Range of Sedentary Work*, 1996 WL 374185, Westlaw op. at 6 (July 2, 1996).

[8]    *See* Social Security Ruling 96-9p, *Policy Interpretation Ruling Titles II and XVI: Determining Capability to Do Other Work - Implications of a Residual Functional Capacity for Less than a Full Range of Sedentary Work*, 1996 WL 374185, Westlaw op. at 6 (July 2, 1996) (stating that the occupational base for unskilled sedentary jobs would be eroded if the claimant cannot lift ten pounds); *see also* Rec. at p. 14 (stating that sedentary work involves lifting and carrying no more than ten pounds at a time).

[9]    U.S. Department of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles*, Appendix C at p. C-2 (1993) ("Sedentary Work involves exerting up to 10 pounds of force occasionally or a negligible amount of force frequently to lift, carry, push, pull, or otherwise move objects, including the human body.").

[10]    *See* Social Security Ruling 96-9p, *Policy Interpretation Ruling Titles II and XVI: Determining Capability to Do Other Work - Implications of a Residual Functional Capacity for Less than a Full Range of Sedentary Work*, 1996 WL 374185, Westlaw op. at 8 (July 2, 1996) ("An ability to stoop occasionally . . . is required in most unskilled sedentary occupations.").

The judge arrived at an RFC assessment which conflicted with Dr. Sandhu's opinions regarding the Plaintiff's abilities to stand, walk, sit, lift, stoop, push, and pull.

For example, the administrative law judge stated that the Plaintiff could:

- "occasionally" stand or walk and

- sit for the remainder of the workday.

*Id.*; *see supra* p. 4.  But Dr. Sandhu stated that Mr. Truesdale could:

- stand for walk for only 1 hour every workday and

- sit for 4 hours every workday.

Rec. at pp. 289-90.

In her discussion of the ability to stand or walk, the administrative law judge did not say what she meant by the term "occasionally."  Regardless of what she meant, however, her RFC assessment would have conflicted with Dr. Sandhu's opinions.  Dr. Sandhu said that the Plaintiff could stand, walk, or sit for only five hours every workday and the administrative law judge found an ability to stand, walk, or sit throughout the workday.  *See supra* pp. 4, 6.  Thus, Dr. Sandhu and the judge differed in the length of time that Mr. Truesdale could walk, stand, or sit.

The physician also expressed other opinions which conflicted with the judge's findings.  For example, Dr. Sandhu believed that the Plaintiff could only lift objects weighing 1-2 pounds, but the administrative law judge found an ability to lift up to 10 pounds at one time.  Rec. at pp. 14, 289; *see supra* pp. 4-5.  The administrative law judge's departure from

Dr. Sandhu's opinion is material because "an inability to lift or carry more than 1 or 2 pounds would erode the unskilled sedentary occupational base significantly."[11]

Dr. Sandhu also opined that the Plaintiff could never stoop. Rec. at p. 290. Nonetheless, the administrative law judge omitted any stooping limitations in her RFC assessment. *Id*. at p. 14; *see supra* p. 4. Again the judge's departure from Dr. Sandhu's opinion is material because "[a] *complete* inability to stoop would significantly erode the unskilled sedentary occupational base and a finding that the individual is disabled would usually apply."[12]

Finally, Dr. Sandhu concluded that the Plaintiff had limited ability to push or pull,[13] which are functions normally required in unskilled sedentary jobs.[14]

In expressing opinions regarding limited abilities to sit, stand, lift, walk, stoop, push, and pull, Dr. Sandhu relied on Mr. Truesdale's degenerative disk condition. For example, in expressing an opinion on the sitting limitation, Dr. Sandhu identified the supporting medical findings as "DJD [degenerative disk disease] thoracic and lumbar spine." Rec. at

---

[11]     Social Security Ruling 96-9p, *Policy Interpretation Ruling Titles II and XVI: Determining Capability to Do Other Work - Implications of a Residual Functional Capacity for Less than a Full Range of Sedentary Work*, 1996 WL 374185, Westlaw op. at 6 (July 2, 1996).

[12]     Social Security Ruling 96-9p, *Policy Interpretation Ruling Titles II and XVI: Determining Capability to Do Other Work - Implications of a Residual Functional Capacity for Less than a Full Range of Sedentary Work*, 1996 WL 374185, Westlaw op. at 8 (July 2, 1996) (emphasis in original); *see also* Program Policy Statement 119, Social Security Ruling 85-15, *Titles II and XVI: Capability to Do Other Work - the Medical-Vocational Rules as a Framework for Evaluating Solely Nonexertional Impairments*, 1985 WL 56857, Westlaw op. at 7 (1985) ("Some stooping . . . is required to do almost any kind of work, particularly when objects below the waist are involved.").

[13]     Rec. at p. 290.

[14]     *See supra* pp. 4-5.

p. 290. When stating that Mr. Truesdale could never stoop, Dr. Sandhu identified the supporting medical findings as "DJD," referring to degenerative disk disease. *Id.* And, in referring to limitations involving the ability to stand, walk, and lift, Dr. Sandhu identified the supporting medical findings as degenerative disk disease of the thoracic and lumbar area and foraminal narrowing and nerve impingement. *Id.* at pp. 289-90. Similarly, in assessing limitations on the ability to push and pull, the judge identified the supporting medical findings as degenerative disk disease "at thoracic and lumbar spine area" with "nerve impingement." *Id.* at p. 290.

The administrative law judge apparently did not question the underlying medical condition, degenerative disk disease, as she identified it as a severe impairment. *Id.* at p. 11. But, the judge did not say why she omitted the functional limitations that, according to Dr. Sandhu, would have flowed from degeneration of the disk. *See supra* pp. 7-8. The judge was not required to accept Dr. Sandhu's opinions about the functional effects of Mr. Truesdale's degenerative disk. But to depart from Dr. Sandhu's assessment, the administrative law judge had to consider the regulatory factors and provide an explanation that was specific and legitimate. *See supra* pp. 3-4. The judge failed to comply with these requirements.

In her decision, the judge summarized the physician's conclusions regarding Mr. Truesdale's abilities to lift, stand, walk, sit, stoop, push, and pull. Rec. at p. 13. Following the summary, the administrative law judge provided the following as her sole explanation:

> Dr. Sandhu did not indicate how long he expected the claimant's reported
> limitations to continue at the rate described or the treatment, if any,

> recommended for the claimant. In any event, Dr. Sandhu's report does not
> show disabling limitations lasting, or expected to last, for at least 12
> continuous months.

*Id.* These remarks did not address any of the factors required by the administrative regulations or explain the judge's rejection of Dr. Sandhu's opinions. For example, the judge's first statement does not indicate whether the judge believed Dr. Sandhu's opinions. And the judge's second statement concerned only an opinion regarding the existence of a disability and did not address the functional limitations outlined by Dr. Sandhu. The fundamental error was the administrative law judge's tacit rejection of Dr. Sandhu's opinions about functional limitations without any explanation or application of the regulatory factors. The omissions require reversal and remand. *See supra* pp. 3-4.

Mr. Astrue attempts to salvage the administrative law judge's decision based on her summary of Dr. Sandhu's opinions. *See supra* p. 8. But the judge's summary of the medical evidence does not substitute for an explanation of her own thought-processes about what Dr. Sandhu had said.[15]

The judge noted that Dr. Sandhu had not said how long he expected the problems to continue and asserted that the functional limitations would not have shown a disabling

---

[15]     *See Volak v. Chater*, 64 F.3d 670, 1995 WL 490295, Westlaw op. at 2 (10th Cir. Aug. 16, 1995) (unpublished op.) (notwithstanding identification of the treating physician's conclusions, the administrative law judge committed error by failure to state why he had discredited the opinions).

condition for at least twelve months. Rec. at p. 13; *see supra* pp. 8-9.[16] The judge did not

draw any conclusions from Dr. Sandhu's silence about the future prognosis. And, of course,

the absence of a disability for at least twelve months was the ultimate question of fact for the

administrative law judge. *See* 20 C.F.R. §§ 404.1527(e)(1), (3), 416.927(e)(1), (3) (2008);

Social Security Act, 42 U.S.C. § 423(d)(1)(A) (2006). To answer that question, the judge

had to comply with the regulatory requirements for consideration of Dr. Sandhu's medical

opinions. *See supra* pp. 3-4. Instead, the judge collapsed the analysis of Dr. Sandhu's

opinions into the ultimate determination of a disability. Before the judge could reach the

ultimate question of a disability, however, she had to address Dr. Sandhu's opinions and

determine whether to incorporate any or all of them into the RFC assessment. The judge's

failure to complete that step requires reversal and remand.

D.    Summary

The judge reviewed the evidence, but never said whether she agreed with Dr. Sandhu

regarding functional limitations. Perhaps the judge disagreed with Dr. Sandhu and believed

that his opinions were not persuasive. But the Court cannot appraise this possibility because

---

[16]    The Defendant points to evidence which would support the judge's statement that the Plaintiff's limitations had not lasted or were not expected to last more than twelve months. Brief in Support of Commissioner's Decision at pp. 6-14 (Mar. 31, 2010). But the administrative law judge was not rejecting Dr. Sandhu's opinion based on questions about the duration of Mr. Truesdale's condition. *See* Rec. at p. 13. Indeed, the administrative law judge agreed with Dr. Sandhu about the underlying physical problem, degeneration of the disk. *See supra* pp. 7-8. And when the judge characterized the condition as severe, she made no mention of the supposed improvement discussed in the Defendant's response brief. *See Haga v. Astrue*, 482 F.3d 1205, 1207-1208 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the [administrative law judge's] decision that are not apparent from the [judge's] decision itself." (citations omitted)).

the administrative law judge never said whether she agreed with Dr. Sandhu on the functional limitations involving the ability to sit, stand, walk, lift, stoop, push, or pull. These omissions reflect a failure "'to provide this court with a sufficient basis to determine that appropriate legal principles have been followed.'" *Supra* p. 2 (quoting *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (*per curiam*; citations omitted)). As a result, the Court should reverse and remand with instructions to the SSA to provide specific, legitimate reasons for its implicit rejection of Dr. Sandhu's opinions about functional limitations.

## IV. NOTICE OF THE RIGHT TO OBJECT

Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C. § 636(b)(1) (2006). The deadline for objections is July 6, 2010. *See* 28 U.S.C. § 636(b)(1) (2006); Fed. R. Civ. P. 6(a)(1)(C), 6(a)(3)(A), 6(a)(6)(A), 6(d), 72(b)(2). The failure to file timely objections would result in waiver of the right to appeal the suggested ruling.[17]

## V. STATUS OF THE REFERRAL

The referral is discharged.

Entered this 17th day of June, 2010.

Robert E. Bacharach
Robert E. Bacharach
United States Magistrate Judge

---

[17]    *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").